J-A14025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES G. WAITE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CDG PROPERTIES, LLC. | |
| v. | |
| GRANDVIEW MANAGEMENT, INC. AND BURNHAM FARMS, LP. APPELLANTS STONE VALLEY CONSTRUCTION, INC., AND COUNTRY COVE CONDOMINIUM ASSOCIATION | |
| | No. 896 MDA 2015 |

Appeal from the Judgment Entered October 1, 2015
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2013-569

BEFORE:  BOWES, J., OTT, J., and PLATT, J.*

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 15, 2016**

Grandview Management, Inc. and Burnham Farms, LP (Grandview and

Burnham) appeal from the judgment entered on October 1, 2015,[1] in the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Although Grandview and Burnham ostensibly appeal from the April 23, 2015 order entering judgment, pursuant to Pa.R.C.P. 227.4, in favor of Stone Valley Construction, Inc. (Stone Valley), the appeal properly lies from the subsequent October 1, 2015 order which made final the verdict of May 20, 2015, compelling Grandview and Burnham to pay $43,285.00 for the removal and replacement of certain trees on Plaintiff, James G. Waite's property, and to modify the storm water drainage system.

Court of Common Pleas of Centre County. In this appeal, Grandview and Burnham raise two issues: (1) Was the April 23, 2015 entry of judgment premature, and (2) Did the trial court err in granting a directed verdict in favor of Stone Valley? After a thorough review of the certified record, relevant law, and the submissions by the parties, we agree that the entry of judgment was premature; however, such action was harmless as Grandview and Burnham preserved their claims. We further conclude the trial court did not err in granting a directed verdict in favor of Stone Valley. Accordingly, Grandview and Burnham are not entitled to relief.

The trial court recounted the basic factual history of this matter as follows:

> [Waite] owns a 3.02 acre tract of land in Spring Township, Centre County. The bulk of this tract is woodland, although the track also contains [Waite's] home and, until recently, a garage.[2] Until approximately 2005, the area upslope from [Waite's] property was a farm, forest, and meadow.
>
> [CDG Properties, LLC] purchased the property and began to construct a residential development known as Burnham Farms Estate with the assistance of Additional Defendants[3] in 2006. The development has a storm water management system consisting of swales, conduits, pipes, and a detention basin, installed pursuant to several permits issued by the Department of Environmental Resources.

---

[2] Unrelated to this action, the garage burned to the ground.

[3] Additional Defendants include Appellants, Grandview Management, Inc. and Burnham Farms, L.P.

> Approximately three years after construction on the development began, [Waite] noticed the trees along the property line near the development had begun to die. After investigation, [Waite] came to the conclusion the trees were dying due to increased subsurface drainage from the development and filed the instant suit.

Trial Court Opinion, 5/20/2015, at 2.

Additionally, we note that at trial two experts, Eric Chase, a geologist/hydrologist, and Keith Lingenfelter, a horticulturalist/plant pathologist testified on behalf of Waite. Chase opined that the storm water drainage system did not function properly, but provided no testimony as to why, how or who was responsible for that failure. Lingenfelter provided his opinion that the primary cause of the tree death was an excess of subsurface water that essentially drowned the trees. John Oleksa, a registered landscape architect, testified as an expert on behalf of Grandview Management and provided his opinion that a wide variety of stresses, including insects, pathogens and drought were possible causes of the tree death.

On January 26, 2015, at the close of evidence in the non-jury trial of this matter, the trial court granted Stone Valley's motion for directed verdict after it determined no evidence had been presented against them.[4] The trial

_____

*(Footnote Continued Next Page)*

- 3 -

court took the case against the remaining defendants under advisement. The oral order granting the directed verdict was reduced to writing and entered on the docket on March 13, 2015. However, as noted, claims against other defendants still remained viable. In fact, the trial court subsequently found against defendants Grandview and Burnham. Accordingly, pursuant to Pa.R.A.P. 341, the directed verdict was not a final order because it did not dispose of all claims and all parties. ***See also***, ***Boyce v. Smith-Edwards-Dunlop Co.***, 580 A.2d 1382 (Pa. Super. 1990) (Directed verdict that did not dispose of all claims and parties was not a final appealable order). Nonetheless, Stone Valley filed a premature praecipe to enter judgment prior to the final resolution of Waite's claims against the remaining defendants. While judgment was entered in favor of Stone Valley, the appeal did not become ripe until the October 1, 2015 order disposed of all claims and parties.[5]

In their first issue, Grandview and Burnham argue the entry of judgment by praecipe in favor of Stone Valley pursuant to Pa.R.C.P. 227.4 was improper and therefore the judgment should be stricken. As noted

---

*(Footnote Continued)*  ⎯⎯⎯⎯⎯⎯⎯

[4] Although directed verdict was granted in favor of both Stone Valley and CDG Properties, Grandview and Burnham are only appealing the judgment in favor of Stone Valley.
[5] Country Cove Condominium Association (Country Cove) was never independently served and was not independently represented at trial.

above, we agree that the April 23, 2015 order entering judgment in favor of Stone Valley was premature and improper. Nevertheless, we agree with the trial court's determination that such error was a harmless procedural error. Grandview and Burnham have preserved their substantive claim, and that claim is currently before us. Grandview and Burnham have demonstrated no harm, nor can we perceive any. Further, Grandview and Burnham have provided no authority to support their claim that the relief they are entitled to is to have the judgment stricken. Accordingly, we decline to strike the judgment in favor of Stone Valley.

The substance of Grandview and Burnham's second argument is that the directed verdict was improper because there was evidence creating a question whether Stone Valley could be held jointly liable for the improperly functioning storm water drainage system. Specifically, Grandview and Burnham claim:

> It is respectfully submitted that a factual issue was presented in the testimony that could have created a question for the fact finder concerning whether construction of the drainage swale was a factor in allowing water to infiltrate into the subsurface.

Appellant's Brief at 14. This claim ignores the fact that the same trial judge who granted the directed verdict was also the ultimate fact finder. The same evidence, or lack thereof, was before the trial judge whether he granted the directed verdict or waited to dispose of the claim along with the

claims against Grandview and Burnham. Accordingly, that aspect of Grandview and Burnham's claim fails.[6]

As to whether the trial court correctly determined there was no open question of law or fact regarding the possibility of Stone Valley's culpability in requesting the directed verdict, counsel for Stone Valley stated:

> [W]hile there has been testimony evidence that Stone Valley constructed the swale, there is no testimony or evidence at this time with regard to whether the construction of the swale is the issue. There has been no expert testimony as to whether the swale was designed improperly, constructed improperly, or maintained improperly. I don't believe that any of those occurred. But I think in order to establish a case against Stone Valley, that it must be established that the swale was constructed improperly. And there is absolutely no evidence or testimony of record to that effect, your Honor.

N.T. Trial, 1/26/2015 at 184-85.

Our review of the evidence presented at trial convinces us that this statement was an accurate representation of the lack of evidence against Stone Valley. Indeed, there was no indication of what Stone Valley may have done to cause an excess flow of subterranean water onto Waite's property. In light of the fact that no evidence at all was presented to the trial court regarding any improper or negligent act on the part of Stone

---

[6] We have interpreted this aspect of Grandview and Burnham's claim as an assertion that the directed verdict was premature. Such an argument would be more appropriate if the ultimate fact finder was a jury, not the trial judge.

Valley, any verdict against Stone Valley would have necessarily been based upon pure speculation. Such a verdict is not allowable. *Krauss v. Trane U.S., Inc.*, 104 A.3d 556, 568 (Pa. Super. 2014) (verdict may not be based upon "conjecture, surmise, guesswork, or speculation"). Accordingly, the trial court properly granted directed verdict in favor of Stone Valley and Grandview and Burnham are not entitled to relief.

Judgment affirmed.

Judge Bowes joins in this memorandum.

Judge Platt concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2016

- 7 -